Cotzhausen, Appellant, vs. Rockstead, Respondent.

*October 25—November 14, 1916.*

*Sales: Automobiles: Failure to deliver: Recovery of down payment.*

In an action to recover the amount paid on the purchase price of an automobile which plaintiff claimed the defendant had failed to deliver on ten days' notice, as provided in the contract, a general verdict for defendant is *held* to be sustained by evidence tending to show, among other things, that the contract had

been modified so as to call for a different model of car; that plaintiff afterwards demanded the model originally contracted for, the manufacture of which had been discontinued; that defendant was then unable to procure that car within ten days, but afterwards procured and offered one to plaintiff, who refused it; and that the contract provided that all dates of delivery were made without liability on defendant's part for delays from causes beyond his control.

APPEAL from a judgment of the circuit court for Milwaukee county: J. C. LUDWIG, Circuit Judge. *Affirmed*.

This action was brought in the civil court of Milwaukee county, where judgment was rendered for defendant on general verdict of a jury. On appeal to the circuit court the judgment was affirmed without new trial, from which judgment this appeal was taken.

*F. P. Hopkins,* for the appellant.

*F. F. Groelle,* for the respondent.

KERWIN, J. The plaintiff on November 24, 1914, entered into a written contract for the purchase of a "Paige-Detroit Car, Model No. 36 Touring Car" and equipment for delivery on or about April, or after, 1915, on ten days' notice, for which he agreed to pay down $465 by way of delivery to defendant of one "Welch" winter body, the balance of purchase price, $750, to be paid upon delivery of the automobile. The contract of purchase also provided: "All dates of delivery are made without liability on our part for delays at the factory arising from strikes, fires, accidents, or other causes beyond the control of the manufacturers or *ourselves.*" On July 26, 1915, plaintiff requested that an automobile car as ordered be delivered to him within ten days. The defendant failed to deliver the car within the ten days.

The principal question in the case is whether the evidence was sufficient to support the verdict. There was an abundance of evidence that after the making of the contract of purchase the same was rescinded or modified so as to make

an agreement for another and different style of car, viz. a
six-cylinder car, in lieu of the four-cylinder car contracted
for.    There was also sufficient evidence to entitle the jury to
find that the defendant did not have and could not get an au-
tomobile such as the original contract called for between the
time of the notice, July 26, 1915, and the time suit was com-
menced, and that plaintiff made no claim for any other auto-
mobile.    Plaintiff testified on the trial that he would not take
either a four-cylinder or a six-cylinder car.    There is evi-
dence that plaintiff knew the manufacture of the four-cylin-
der car, originally contracted for, had been discontinued be-
fore he made the demand, and it seems quite clear that he de-
manded the car at a time when he thought it could not be fur-
nished within ten days.    Defendant testified that he did not
have on hand a No. 36 car at the time the notice was served,
July 26th, but had offered to deliver one before that time and
plaintiff had expressed his desire for a six-cylinder, and
agreed to take a six and did not want the one contracted for.
Plaintiff was informed as early as April, 1915, that the man-
ufacture of No. 36 would be discontinued.    There is evi-
dence that plaintiff wanted a six-cylinder car, not a four, the
price to be the same and the Welch winter body to be turned
in in part payment of the six-cylinder car.    The four-cylinder
car was offered to plaintiff and he would not take it.    The
six was also offered him which he refused.    There is evidence
that he did not want the No. 36 because the price had gone
down; that if he took any car it would be a six-cylinder.    It
is unnecessary to further recite the evidence.    It is sufficient
to say that it is ample to support the verdict.

Counsel make a point on defendant's answer wherein he
says that he was and is ready and willing to deliver a car
under the terms and conditions of his agreement.    This alle-
gation in the answer is supported by the evidence.    While
defendant had no reason to believe that plaintiff after agree-
ing to take a six-cylinder would ever call for a four, when de-
mand was made for a four, at considerable trouble and ex-

pense he procured a four-cylinder and plaintiff refused to accept it.

Under the contract and circumstances of the case the jury were entitled to find that the defendant was guilty of no breach of contract. The original agreement, conceding it was in force when plaintiff made the demand, gave defendant such time beyond the ten days as he might be delayed by causes beyond the control of the manufacturer or himself, and there is sufficient evidence that he procured the No. 36 four-cylinder car in accordance with the terms of the original contract in view of the circumstances of the case and the plaintiff's statements.

The case was fairly presented to the jury and the verdict well supported by the evidence. We think the judgment below is right and that no prejudicial error was committed on the trial.

*By the Court.*—The judgment is affirmed.